**ORISKA INSURANCE COMPANY and U.S. Management, Inc., Plaintiffs,**

v.

**The POWER P.E.O., INC., et al, Defendants.**

**No. 5:03–CV–1481 (DNH).**

United States District Court, N.D. New York.

Oct. 8, 2004.

Kernan & Kernan P.C. (Leighton R. Burns, Esq., Elizabeth Anne Burns, Esq.,

James W. Hyde, IV, Esq., of Counsel), Utica, NY, for Plaintiff Oriska Insurance Co.

Beilis & Pols, P.C. (Donald J. Pols, Esq., of Counsel), New York City, for Plaintiff U.S. Management, Inc.

Roemer, Wallens & Mineaux, LLP (Matthew J. Kelly, Esq., of Counsel), Albany, NY, for Defendant Employers.

Christopher Flint, Esq., Albany, NY, for Defendant Power P.E.O., Inc.

### ORDER

MUNSON, Senior District Judge.

Plaintiff, Oriska Insurance Company ("Oriska") made application pursuant to the All Writs Act, 28 U.S.C. § 1651, for a Temporary Restraining Order seeking to enjoin defendant, Power P.E.O., Inc. ("Power") from further participation in an action currently pending in California state court. Oriska argues that the California action involves the same substantive issues before this court and that its continued pendency will interfere with previously authorized settlements between Oriska and certain defendants as well as settlements that the parties continue to pursue.

■ Under the All Writs Act, federal courts may "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. Courts, however, have narrowly construed this seemingly broad phrase such that it should be understood to imply "something similar to the concept of injunctions to 'protect or effectuate' judgments." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 295, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970); *see* the Anti–Injunction Act, 28 U.S.C. § 2283. The Anti–Injunction Act is "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Id.* 398 U.S. at 286, 90 S.Ct. at 1743. The Anti–Injunction Act limits a district court's authority under the All Writs Act such that it may not grant an injunction to stay state court proceedings except where "necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. An injunction is necessary in aid of a court's jurisdiction only if "some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atl. Cost Line R.R.*, 398 U.S. at 295, 90 S.Ct. at 1747; *see also Pa. Bureau of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 40, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985) (The Writs Act "authorize[s] a federal court to issue such commands ... as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained.") (internal quotations and citations omitted); *In re Baldwin–United Corp.*, 770 F.2d 328, 335 (2d Cir.1985) (The All Writs Act authorizes a district court "to enjoin actions in state courts where necessary to prevent relitigation of an existing federal judgment.").

■ Here, the court cannot say that Power's continued participation in the California state action would so interfere with its consideration and/or disposition of the case so as to render its authority and flexibility mute and tethered, respectively, to decide the federal action. Moreover, there is no federal judgment the court needs to protect against relitigation. Therefore, Oriska's motion for a temporary restraining order seeking to enjoin Power from further participation in an action currently pending in California state court is DENIED.

## CONCLUSION

**WHEREFORE**, after careful consideration of the file in this matter including the parties' submissions, the parties' conference with the court, and the applicable law, the court hereby

**ORDERS** that Oriska's motion for a temporary restraining order seeking to enjoin Power from further participation in an action currently pending in California state court is **DENIED**.

**IT IS SO ORDERED.**